# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MICHAEL ANTONIO STEPHENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11CV57 |
| | ) | |
| J.C. HUGGINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on numerous motions filed by the parties, including (1) Plaintiff's motion to object to motions enlarging time (Docket No. 25); (2) Defendants' motion for an additional three days to respond to Plaintiff's complaint, as amended (Docket No. 26); (3) Defendants' motions to dismiss the amended complaint (Docket Nos. 27 and 28); (4) Plaintiff's motion for appointment of counsel (Docket No. 31); (5) Plaintiff's motion to strike Defendants' request for an enlargement of time (Docket No. 32); (6) Plaintiff's motion for sanctions (Docket No. 34); (7) Plaintiff's motion to compel answers to interrogatories (Docket No. 35); (8) Defendants' motion for a protective order regarding discovery (Docket No. 36); (9) Plaintiff's motion to strike Defendants' motion to dismiss (Docket No. 38); (10) Plaintiff's motion for a procedural default (Docket No. 40); (11) Plaintiff's motion to adjudicate (Docket No. 42); (12) Plaintiff's motion to strike

(Docket No. 45); (13) Plaintiff's motion for summary judgment (Docket No. 47); and (14) Plaintiff's motion for discovery (Docket No. 49).

On review of the filings of the parties, **IT IS ORDERED** as follows:

1. Plaintiff's general motion for disallowance of all requests for continuances (Docket No. 25) is **DENIED** as frivolous.

2. Defendants' motion for a three-day extension to June 16, 2011, to respond to the amended complaint (Docket No. 26) is **GRANTED**.

3. Plaintiff's motion for appointment of counsel (Docket No. 31) is **DENIED**, the Court finding no inability of Plaintiff to reasonably pursue his civil claim.

4. Plaintiff's motion to strike Defendants' request for an enlargement of time (Docket No. 32) is **DENIED** as frivolous.

5. Plaintiff's motion for sanctions (Docket No. 34) is **DENIED** as without merit.

6. Plaintiff's motion to compel discovery (Docket No. 35) is **DENIED** and Defendants' motion for a protective order regarding discovery (Docket No. 36) is **GRANTED**. No period of discovery has been established in this case, and Defendants' motion to dismiss should be ruled upon before discovery is opened.

7. Plaintiff's motion to strike Defendants' motion to dismiss (Docket No. 38) is **DENIED** as without cognizable ground or merit.

8. Plaintiff's motion for a procedural default (Docket No. 40) is **DENIED**. Defendants have commited no procedural default. They have timely responded to Plaintiff's amended complaint by filing a motion to dismiss. *See generally*, Fed. R. Civ. P. 12.

9. Plaintiff's motion to adjudicate (Docket No. 42), wherein Plaintiff asks for a ruling on pending motions is **DISMISSED** as moot in light of the rulings herein. Plaintiff's motion to strike a response by Defendants (Docket No. 45) is **DENIED** as frivolous.

10. Plaintiff's motion for discovery (Docket No. 49) is **DENIED** as premature until the Court rules on Defendants' preliminary motion to dismiss.

## Discussion

Despite all of the preliminary motions filed to date, ruled on above, this case remains in the threshold posture of an amended complaint having been filed by Plaintiff, to which Defendants have responded with a motion to dismiss. The Court now reaches the motion to dismiss (Docket Nos. 27 and 28). The Court **GRANTS** leave for the filing of the extended brief by Defendants. (Docket No. 27.)

## The Amended Complaint

By the Court's Order of May 13, 2011, Plaintiff's amended complaint includes his original complaint (Docket No. 2), his motion for leave to amend (Docket No. 16), and his brief in support of his motion for leave to amend (Docket No. 19). The Court construes the amended complaint of the *pro se* Plaintiff as follows: Plaintiff names as Defendants Mr. J.C. Huggins, Lieutenant Criscoe, Sergeant Dick, Sergeant Walker, and Ms. Parish. He

alleges that he was discriminated against twice by the staff of Morrison Correctional Institute, once on June 28, 2009, and again on July 7, 2009. He states that the staff failed to write up Thomas Shore for jumping on Plaintiff when "both inmates was suppose to be written up for their participation in a fight." (Docket No. 2, Complaint ("Compl."), § V.) On July 7, 2009, Ms. Parish and Sergeant Dick called Plaintiff in to meet with the Facility Classification Committee ("FCC"). Plaintiff told them that inmate Shore jumped him, with a weapon, for changing the TV station. Plaintiff defended himself "with a lock in a sock." (*Id.*) On a later date, Plaintiff was escorted by a black officer to the FCC and was placed on "intensive control." He was called back to the FCC 15 minutes later, was escorted by a white officer, and this time was placed on "maximum control." Lieutenant Criscoe ordered that the floor be cleaned, thus altering the crime scene to make it look like Plaintiff jumped on inmate Shore. Mr. J.C. Huggins failed to order his staff to write up inmate Shore and "caus[ed] him to go to the hospital." (*Id.*) According to Plaintiff, both inmates should have been written up, but white inmate Shore "got away" and the black inmate, Plaintiff, was "sent to the hole." (*Id.*) Sergeant Walker failed to acknowledge Plaintiff's statement to write up inmate Shore. Plaintiff states that an eye witness to the incident was never questioned. Plaintiff sues the Defendants in their individual capacities. He identifies a number of legal claims that he believes are raised by his allegations. (*Id.* at 5.)

In his motion to amend (Docket No. 16), Plaintiff adds that an eye witness saw and heard Plaintiff tell inmate Shore to leave him alone but Shore kept attacking. Plaintiff pled

guilty to a disciplinary offense and was given 30 days in the hole, 2 months in "limited draw," 90 days with no radio, and 40 hours of extra duty by the D.H.O. (Docket No. 16 at 2.) In his brief in support of his motion for leave to amend (Docket No. 19), Plaintiff presents legal argument but no additional factual allegations other than to state that Officer Dick did not follow policy when placing Plaintiff on maximum control.

Defendants Huggins, Jr., Criscoe, Dick, and Parrish (correct spelling) have joined in the Rule 12(b)(6) motion to dismiss now pending before the Court. (Docket No. 28.) The Court will now address the merits of the motion to dismiss.

### **Rule 12(b)(6) Standard of Review**

Dismissal is proper under Rule12(b)(6) where a plaintiff fails to plead a short and plain statement of the claim showing the pleader is entitled to relief. *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). For the purposes of Rule 12(b)(6) the Court is not required to accept as true the legal conclusions set forth in a plaintiff's complaint. *District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085 (4th Cir. 1979). A plaintiff must plead "enough facts to state a claim for relief that is plausible on its face," as opposed to merely conceivable on some undisclosed set of facts. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

at 555 (citations omitted). A complaint can only achieve facial plausibility when it contains sufficient allegations supporting the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The "plausibility" standard demands more than a mere possibility of misconduct, and if the facts alleged are "not only compatible with, but indeed . . . more likely explained by lawful . . . behavior," the pleading will be insufficient. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937 (2009).

## Discussion

The *pro se* amended complaint in this action includes a number of purported causes of action said by Plaintiff to arise from his factual allegations. The Court, construing the disjointed amended complaint liberally, finds that the following claims are potentially raised by Plaintiff's allegations. All claims are brought under 42 U.S.C. § 1983 and are based on alleged violations of Plaintiff's constitutional rights. The claims are: (1) dissimilar treatment of black and white inmates giving rise to an equal protection claim; (2) violation of procedural due process rights in disciplinary proceedings; and (3) retaliatory transfer in violation of Plaintiff's First Amendment rights.

Turning first to Plaintiff's claim of discriminatory treatment in violation of the Equal Protection Clause, the Court finds that Plaintiff has stated no claim that survives the Rule 12(b)(6) *Iqbal* test. In order to raise a claim cognizable under the Equal Protection Clause, a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him

based upon race or some other constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001). Discriminatory intent or purpose is required, not mere disproportionate impact. *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264-65 (1977).

Plaintiff's equal protection claim rests entirely on the decision of certain Defendants to refrain from lodging a prison disciplinary charge against the white inmate who was involved in the altercation with Plaintiff. Plaintiff does not plead any facts showing dissimilar treatment of other similarly situated persons; instead, he presents allegations regarding only the incident in which he was involved. He asserts that "[b]oth inmates are supposed to be written up, but the white inmate got away . . . and the black inmate . . . was sent to the hole for retaliating in self-defense." (Compl., § V.) Plaintiff's own concession, however, that he hit the other inmate with "a lock in a sock" dispels any reasonable inference of unequal treatment by the authorities. Moreover, Plaintiff had time to leave the scene of the incident to arm himself, undermining any contention of justifiable self-defense by Plaintiff. (Docket 29, Defs.' Br. in Supp. of Mot. to Dismiss, Ex. A, desribing the offense that Plaintiff pled guilty to and providing that Plaintiff left the scene of the altercation, went

to his locker to retrieve the lock, and then returned to strike the other inmate.[1]) The mere allegation that one inmate in a fight, who is black, was charged with a disciplinary offense while the other inmate, who is white, was not is insufficient, without more, to raise a plausible inference of invidious discrimination based on race.

Plaintiff appears to attempt an additional equal protection claim based upon his allegation that he was taken before the FCC by a black officer and was first assigned to "intensive control" and then fifteen minutes later was returned to the FCC by a white officer and was given "maximum control." This allegation raises no plausible inference of invidious discrimination. Indeed, the race of the escorting officer is not shown to be tied in any way to the decisions of the FCC.

The Court finds no plausible claim of an equal protection violation to be raised by the allegations of the amended complaint.

Plaintiff alleges violations of procedural due process with regard to the disciplinary proceedings against him. This claim fails for fundamental reasons. A prisoner who makes a due process challenge to a prison disciplinary adjudication must show that the deprivation of which he complains impacted a protected liberty interest. *Portley-El v. Brill*, 288 F.3d

---

[1] The Court may consider matters outside the pleadings on a Rule 12(b)(6) review where, as here, documents are official records that are central to the plaintiff's claims and are relied upon in the plaintiff's claims. *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). In his amended complaint, Plaintiff cites to disciplinary proceedings against him, stating that he pled guilty to the charges.

1063, 1065 (8th Cir. 2002). A protectable state-created liberty interest is generally limited to freedom from restraint which imposes atypical and significant hardhip on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Here, Plaintiff Stephens was disciplined by 30 days of segregation, 40 hours of extra duty, and 90 days of suspension of radio privileges. This loss of privileges was temporary and was not outside the ordinary confines of prison life. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). Accordingly, Plaintiff has no liberty interest at stake which could give rise to a well-plead due process claim.

Plaintiff may also be attempting a due process claim with regard to his assignment to "maximum control." Generally, however, a prisoner has no liberty interest in his custody classification. *O'Bar v. Pinion*, 953 F.2d 74, 83 (4th Cir. 1991)(changes in prisoners' locations are matters contemplated within the scope of the original sentence to prison and do not give rise to a protectable liberty interest.)

Plaintiff claims that he was transferred to another prison in violation of his First Amendment rights. He asserts that he was transferred in retaliation for his grievance regarding transfer to "maximum control." However, Plaintiff has not alleged or shown that Morrison Correctional Institute was authorized or designed to hold "maximum control" inmates. Without such an allegation, no plausible inference of retaliatory transfer can arise. No allegation made by Plaintiff is sufficient to suggest a causal connection between his

grievance and his transfer. *See generally Huang v. Bd. of Governors of Univ. of N.C.*, 902 F.2d 1134, 1140 (4th Cir. 1990).

## Conclusion

Defendants present other arguments in support of their motion to dismiss. The Court does not reach these arguments in view of the critical failures of the amended complaint described above. For reasons set forth above, **IT IS RECOMMENDED** that Defendants' motion to dismiss (Docket No. 28) be granted and that Plaintiff's motion for summary judgment (Docket No. 47) be denied. This action should be dismissed with prejudice as to all Defendants.[2]

/s/ P. Trevor Sharp<br>United States Magistrate Judge

Date: December 1, 2011

---

[2] Defendant Walker did not join in the motion to dismiss. Nonetheless, for the reasons set forth above the amended complaint should be dismissed as to him under the authority of 28 U.S.C. § 1915(e)(2)(B)(ii).